Leslie T. Gladstone, Esq. (SBN 144615)
Christin A. Batt, Esq. (SBN 222584)
FINANCIAL LAW GROUP
5656 La Jolla Blvd.
La Jolla, CA 92037
Telephone: (858) 454-9887
Facsimile: (858) 454-9596
E-mail: ChristinB@flgsd.com

Attorneys for Gerald H. Davis, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>PEPPERTREE PARK VILLAGES 9 & 10, LLC,<br><br>        Debtor.<br><br>PEPPERTREE PARK VILLAGES 9 & 10, LLC,<br>        Case No. 17-05137-LT7<br><br>PEPPERTREE LAND COMPANY,<br>        Case No. 17-05135-LT11<br><br>NORTHERN CAPITAL, INC.<br>        Case No. 17-04845-LT11<br><br>DUANE SCOTT URQUHART,<br>        Case No. 17-04846-LT11<br><br>        Debtors. | Lead Case No.: 17-05137-LT7<br>(Jointly Administered)<br><br>**TRUSTEE'S STATUS REPORT**<br><br>Date:    August 24, 2022<br>Time:   10:00 a.m.<br>Dept:   Three (3)<br>Honorable Laura S. Taylor |

Gerald H. Davis, the chapter 7 trustee (the "**Trustee**"), submits this Status Report regarding the bankruptcy case of Peppertree Park Villages 9 & 10, LLC ("**Debtor**").

The Trustee was appointed in this case on June 27, 2022, when Debtor's case was converted from chapter 11 to chapter 7.

///

A. **NO COMPLIANCE WITH LOCAL RULE 1019 AND CONVERSION ORDER**

Upon entry of an order converting a chapter 11 case to chapter 7, Local Rule 1019 requires a debtor to, among other things, contact the chapter 7 trustee to arrange delivery of all books and records to the trustee and, within seven days, to file and serve a verified schedule of all property of the estate as of the date of conversion. (LBR 1010-1).

On June 27, 2022, the Court entered its Order converting Debtor's case to chapter 7, and ordered Debtor to file the following documents within 30 days (i.e., by July 27, 2022).

    a.    a schedule of all property not listed in the final report and account of the debtor in possession or chapter 11 trustee which was acquired after the commencement of the chapter 11 case but before the entry of this conversion order;

    b.    a schedule of executory contracts and unexpired leases entered into or assumed after the commencement of the chapter 11 case but before the entry of this conversion order;

    c.    a schedule of unpaid debts not listed in the final report and account of the debtor in possession or chapter 11 trustee which were incurred after the commencement of the chapter 11 case but before the entry of this conversion order, as required by FRBP 1019(5); and

    d.    a statement of intention with respect to retention or surrender of property securing consumer debts, as required by 11 U.S.C. § 521(a) and FRBP 1019(1)(B), and conforming to Official Form 108.

(ECF No. 849) Neither the Rule 1019 report nor any of the documents listed above has been filed with the Court or delivered to the Trustee. The Trustee and his counsel are in frequent communication with Debtor's attorney Paul Leeds regarding this matter.

As of today, the Trustee is in his 52nd day since his appointment and he is still without basic information about the Debtor and its current assets and liabilities. Yet, as discussed below, the estate is incurring more than *$35,000 per month* in debt service on the chapter 11 loan and has no funds to make payments.

/ / /

/ / /

**B.     SECTION 341 MEETING OF CREDITORS**

The Trustee has not yet had the opportunity to question Debtor's principal at the Section 341 creditors' meeting. Prior to the date set for the initial meeting, a request was made to the Trustee to continue the meeting because of the pending reconsideration motion. The Trustee agreed to call for documents and creditors and then to continue the meeting. Then, due to misunderstanding, neither Debtor's principal nor counsel appeared at the initial meeting. The next Section 341 meeting is scheduled for September 7, 2022.

**C.     SALE OF PROPERTY**

The day after the August 2, 2022 reconsideration hearing, the Trustee's counsel contacted Onyx Construction Group ("**Onyx**"), the interested buyer that had been working with Debtor during the chapter 11 phase of the case, through its broker Corey King. The Trustee and his counsel have been diligently negotiating a purchase and sale agreement with Onyx that contains the necessary bankruptcy-specific provisions for a sale of estate property, including court approval and overbid provisions. The Trustee anticipates that the Agreement will be finalized soon. The Trustee will then file a motion to approve auction procedures and sale of the property free and clear of liens, claims, and interests.

The Trustee's counsel has also met and/or conversed with others regarding interest in the property and possible overbid.

**D.     TEPA PRODUCE**

Contrary to representations made to the Court and the Trustee, what appears to be a large warehouse and produce-packing operation is located on Debtor's real property. The operation is known as Tepa Produce, located at 1654 South Mission Road, Fallbrook CA 92028. The APN for this address is 104-351-17-00, the same APN for Unit 9 that is owned by the estate.

On August 13, 2022, the Trustee and Leslie Gladstone visited the property and observed several trucks and an ongoing operation at the property.

The Trustee's counsel recently learned from Duane Urquhart that Tepa Produce has an annual lease on Unit 9 that allegedly runs June to June. The Trustee's request for a copy of that

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

lease was finally satisfied late yesterday. The Trustee and his counsel are reviewing the lease and a newly disclosed Property Management Agreement that purports to divert all rental income to Peppertree Land Company.

The undisclosed existence of a lease has obvious consequences for the Trustee's sale of the property free and clear of liens, claims, and interests. In addition, the Trustee initially obtained a binder for insurance on the property based on the inaccurate representation that the property was vacant land. The Trustee's insurance is insufficient and he must now obtain a quote for insurance of real property on which a produce business is operating.

### E.  GF CAPITAL LOAN

The Trustee is in communication with GF Capital, the chapter 11 lender. According to GF Capital's monthly loan statement, dated August 10, 2022, the principal balance of the loan is $3,338,007.49; interest rate is 12.500%; monthly payment amount is $35,253.84; previous unpaid balance was $35,253.84; unpaid late/NSF fees are $3,525.38; and maturity date is 1/27/2023.

As no funds have been turned over to the Trustee, the estate has no money from which to pay GF Capital. Yet, Peppertree Land Company is apparently receiving the rental income from the Tepa Lease of Debtor's property.

### F.  CHAPTER 11 ADMINISTRATIVE CLAIMS BAR DATE

The Trustee obtained a chapter 7 claims bar date of November 3, 2022.

In addition and in order to understand the universe of chapter 11 administrative claims, the Trustee obtained a chapter 11 administrative claims bar date for the same November 3, 2022 date. The Trustee served the Notice of chapter 11 administrative claims bar date on all known possible administrative claimants.

### G.  SAN DIEGO COUNTY PLANNING COMMISSION

The Trustee's counsel is in communication with the County's Planning & Development Services personnel regarding the Trustee's appointment in this case and control of the property and project.

/ / /

### H. APPEAL OF MALPRACTICE JUDGMENT

The Trustee and his counsel received copies of invoices for legal services rendered to Debtor and its affiliates during the chapter 11 phase of this case. Counsel investigated the matter and learned that Debtor and its affiliates filed a lawsuit captioned *Peppertree Villages 9 & 10, LLC v. Lounsbery Ferguson Altona & Peak LLP*, Case No. 37-2020-00047053-CU-PN-NC, in California Superior Court, County of San Diego. The Trustee is informed that this is a legal malpractice case that was commenced on or about December 21, 2020. According to the Register of Actions for that case, judgment was entered in favor of the defendant and, on August 1, 2022 (post conversion), Debtor and its affiliates filed a Notice of Appeal.

The Trustee is investigating this undisclosed appellate action and has advised the attorney representing Debtor and the affiliates that only the Trustee can determine actions to be taken in the name of Debtor. The Trustee has requested all the documents relevant to the causes of action and appeal. Some but not all documents were received yesterday. The Trustee intends to evaluate the merits of the malpractice claim and appeal in order to determine how to proceed.

### I. INVESTIGATION OF NCI'S ALLEGATIONS ABOUT HOWARD JUSTUS

In its motion to reconsider the conversion order, Northern Capital, Inc. made several allegations of misconduct against Howard Justus relating to Mr. Justus's services as Debtor's chief restructuring officer. The Trustee's counsel met with Mr. Justus and his attorney. In response to the Trustee's request, Mr. Justus delivered a large number of files plus 494 e-mails related to Debtor's Units 9 & 10 and the adjacent Units 7 & 8. Given the top priority of selling the property, the Trustee has not yet begun the investigation into NCI's allegations.

Respectfully submitted,

Dated: August 17, 2022          FINANCIAL LAW GROUP

By:   /s/ Christin A. Batt
      Christin A. Batt, Esq.
      Attorneys for Gerald H. Davis, Trustee

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037