Leslie T. Gladstone, Esq. (SBN 144615)
Christin A. Batt, Esq. (SBN 222584)
FINANCIAL LAW GROUP
5656 La Jolla Blvd.
La Jolla, CA 92037
Telephone: (858) 454-9887
Facsimile: (858) 454-9596
E-mail: ChristinB@flgsd.com

Attorneys for Gerald H. Davis, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| In re:<br><br>PEPPERTREE PARK VILLAGES 9 & 10, LLC,<br>          Debtor.<br><br>PEPPERTREE PARK VILLAGES 9 & 10, LLC,<br>          Case No. 17-05137-LT7<br><br>PEPPERTREE LAND COMPANY,<br>          Case No. 17-05135-LT11<br><br>NORTHERN CAPITAL, INC.<br>          Case No. 17-04845-LT11<br><br>DUANE SCOTT URQUHART,<br>          Case No. 17-04846-LT11<br><br>          Debtors. | Lead Case No.: 17-05137-LT7<br>(Jointly Administered)<br><br>**TRUSTEE'S STATUS REPORT**<br><br>Date:    February 8, 2023<br>Time:    2 p.m.<br>Dept:    Three (3)<br>Honorable Laura S. Taylor |
|---|---|

Gerald H. Davis, the chapter 7 trustee (the "**Trustee**"),[1] submits this Status Report regarding the Status Conference in the case of Peppertree Park Villages 9 & 10, LLC ("**Debtor**") and pending matters in the related cases of Peppertree Land Company ("**PLC**"), Northern Capital, Inc. ("**NCI**"), and Duane Scott Urquhart ("**Urquhart**").

---

[1] The Trustee was appointed in this case on June 27, 2022, when Debtor's case was converted from chapter 11 to chapter 7.

| IN RE PEPPERTREE PARK VILLAGES 9&10, LLC<br>CASE NO. 17-05137-LT7 | 1 | TRUSTEE'S STATUS REPORT |
|---|---|---|

## SALE OF REAL PROPERTY

The Trustee continues his diligent efforts to sell Units 9 and 10 (the "**Property**").

Shortly after his appointment in this case, the Trustee learned that Debtor had entered into a purchase and sale agreement with Onyx Construction Group, LLC ("**Onyx**"). Immediately after the August 2, 2022 hearing, the Trustee began negotiating with Onyx regarding a new purchase and sale agreement, this one with the Trustee rather than the Debtor.

On September 7, 2022, Onyx executed the Purchase and Sale Agreement with the Trustee, subject to overbid, which Agreement required Onyx to pay an initial deposit within four business days after Onyx executed the Agreement. Thereafter, the Trustee encountered one problem after another with Onyx. For example, Onyx failed to deliver relevant financial information regarding its ability to consummate the transaction and, most importantly, Onyx did not pay the deposit required under the Agreement. Given Onyx's material default under the Agreement, the Trustee served Onyx a Final Notice to Perform by December 22, 2022. Onyx failed to perform, and the purchase agreement with Onyx is terminated.

As explained below, the Trustee continues his search for interested buyers, either as a stalking horse, overbidder, or back-up buyer.

## MARKETING EFFORTS

The Trustee engaged Land Advisors Organization ("**Broker**"), the broker that worked with Debtor during the chapter 11 phase of the case, to continue marketing the Real Property for sale. (ECF No. 1011). Broker has been very cooperative with the Trustee and agreed to reduce its previous commission of 2.25%[2] to 1.35% of the gross sale proceeds.

Broker recently advised the Trustee that it is in discussions with several interested parties.

On January 19, 2023, the Trustee received a letter of intent from a potential buyer. The Trustee is evaluating the offer and hopes to provide more information about the offer soon.

/ / /

---

[2] Broker's commission under its now-expired listing agreement with Debtor was 2.25% of the first $5 million of gross proceeds and 2.00% of gross proceeds exceeding $5 million.

## ENTITLEMENT COOPERATION AGREEMENT

Given the unexpected and unfortunate delay in selling the Property, the Trustee has accepted the assistance of the bankruptcy and land use attorneys at Paul Hastings LLP (bankruptcy counsel for affiliated debtor NCI) in seeking entitlements of the Property by advancing the Application before the San Diego County Planning Commission and/or San Diego County Board of Supervisors (together, "**SD County**").  This assistance is at *no cost to the estate*, other than possible reimbursement of future SD County fees, if any, that are advanced by another party, provided that all such fees are pre-approved in writing by the Trustee.  Such reimbursement would be at a priority level with chapter 11 administrative expense claims.  A copy of the Entitlement Cooperation Agreement is attached hereto as Exhibit A and incorporated herein.

This Entitlement Cooperation Agreement allows the entitlement process to move forward—under the Trustee's complete control—while the Trustee continues to market the Property for sale.  ***The entitlement process will not delay the sale of the Property.***  This process is meant to keep the development project alive and moving forward until the sale.

Several of the creditors in this case have encouraged the Trustee to take this step with respect to the entitlement process.  The Trustee will provide updates regarding this progress.

## GF CAPITAL LOAN

According to documents provided by GF Capital, as of January 11, 2023, the principal balance of the loan encumbering the Real Property is $3,338,007.49.  The monthly interest-only payments continue to be unpaid as the estate has no assets, and the outstanding interest balance is $268,939.78.  Moreover, the initial interest rate of 12.000% has now climbed to 14.50%.  GF Capital has agreed not to charge default interest.  This loan matures on January 27, 2023.

The Trustee is in discussions with GF Capital regarding extension of the maturity date and possible amendment of the loan terms.  The Trustee is also exploring alternative financing on more favorable terms.

///

///

**ADMINISTRATIVE CLAIMS BAR DATE**

November 3, 2022, marked the general claims bar date and the administrative claims bar date.  Motions to approve administrative claims were filed by Baker Tilly US, LLC f/k/a/ Squar Milner LLP (ECF No. 987), Higgs Fletcher & Mack LLP (ECF No. 991), and Northern Capital, Inc. (ECF No. 993).  In addition, Foley & Lardner LLP filed a Notice regarding its claim (ECF No. 982), which is being treated as a motion to approve administrative claim.  Hearings on the motions have been continued to April 12, 2023.

The Trustee avers that the Property should be sold before time and fees are expended to evaluate the claims and respond to the motions.

Respectfully submitted,

Dated:  January 20, 2023           FINANCIAL LAW GROUP

By:   /s/ Christin A. Batt
     Christin A. Batt, Esq.
     Attorneys for Gerald H. Davis, Trustee

# Exhibit A

# Exhibit A

## ENTITLEMENT COOPERATION AGREEMENT

This Entitlement Cooperation Agreement (the "Agreement") is made and entered into as of January 6, 2023 (the "Effective Date"), by and among, NORTHERN CAPITAL, INC. ("NCI"), PAUL HASTINGS LLP, and GERALD H. DAVIS, the chapter 7 trustee (the "Trustee," and collectively with NCI, and Paul Hastings LLP, the "Parties," and each a "Party") of the bankruptcy estate of Peppertree Park Villages 9 & 10, LLC (the "Debtor").

### RECITALS:

WHEREAS, on August 28, 2017 (the "Petition Date"), Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Southern District of California (the "Bankruptcy Court"). Debtor's bankruptcy case is designated Case No. 17-05137-LT7 (the "Bankruptcy Case").

WHEREAS, on August 13, 2017, NCI filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court. NCI's bankruptcy case is designated Case No. 17-4845-LT11. Paul Hastings LLP is counsel to NCI in connection with its bankruptcy case.

WHEREAS, Debtor is owned 50% by Peppertree Land Company and 50% by NCI.

WHEREAS, on June 27, 2022, the Bankruptcy Court converted Debtor's bankruptcy case to a case under chapter 7 of the Bankruptcy Code, and the Trustee was appointed as chapter 7 trustee of Debtor's bankruptcy estate (the "Estate").

WHEREAS, property of the Estate includes certain real property known as Units 9 and 10 of Peppertree Park Villages in Fallbrook, California, APN: 104-350-15-00, 104-351-17-00, 103-350-19-00 (Now known as 104-352-01-00) (the "Property") together with development application(s) currently pending before the San Diego County Planning Commission and/or San Diego County Board of Supervisors (collectively, the "Application," and together with the Property, the "Assets").

WHEREAS, the Trustee and NCI agree that commencing efforts to seek entitlements of the Property by advancing the Application before the San Diego County Planning Commission and/or San Diego County Board of Supervisors (together, "SD County") may benefit the Estate and may increase the realizable value of the Property.

WHEREAS, counsel to NCI, Paul Hastings LLP, has attorneys and non-attorney employees with expertise in the areas of regulatory and land use authorization proceedings, and the Trustee desires that Paul Hastings LLP shall provide advisory and other services to the Trustee and Estate with respect to the Application, including by assisting, advising, drafting, preparing, presenting, and assisting with negotiating and managing, among other related actions, the advancement of the Application before SD County (the "Application Services").

WHEREAS, the Trustee requires that the Application Services be performed only with his full knowledge and authorization and **at no cost to the Estate**.

1

WHEREAS, Paul Hastings LLP is neither counsel to the Trustee nor the Debtor and is only counsel to NCI, and neither the Debtor nor the Estate shall be liable for any fees, costs, or expenses incurred by Paul Hastings LLP in connection with the Application Services.

WHEREAS, Paul Hastings LLP does not guarantee that the Application Services will be successful in whole or in part or that appropriate SD County approvals can be obtained.

NOW, THEREFORE, in consideration of the premises and the mutual covenants and agreements hereinafter contained, the Parties hereby agree as follows:

1. APPLICATION SERVICES AUTHORIZATION. The Parties agree that the Trustee shall have final authority over the following acts and conduct:

    (a) Communications with SD County shall be made by or through the Trustee or his counsel, unless and until the Trustee or his counsel authorize Paul Hastings LLP to communicate with SD County on the Trustee's behalf, whether generally, or specifically, but in no event shall the Trustee or his counsel not be included or copied on, or represented in, any such digital, telephonic, or in-person communications with SD County; for the avoidance of doubt, and subject to the Trustee's prior authorization, Paul Hastings LLP may communicate with SD County on the Trustee's behalf, without the presence of the Trustee or his counsel, if so-authorized by the Trustee as to a general or specific matter arising in the performance of the Application Services.

    (b) All presentations, memoranda, materials, reports, submissions, and other work product ("Work Product") delivered or submitted or conveyed by any means to SD County shall be subject to the Trustee's review, comment, and prior written approval.

    (c) If the Parties disagree as to any Application Services Paul Hastings LLP intends to perform, including but not limited to any submission, presentation, communication or delivery of any work product to SD County, the Parties shall meet and confer in good faith with respect to the advancement of such Application Services. In no event shall Paul Hastings LLP, NCI, or any other person or entity communicate with SD County without the Trustee's prior written consent and approval of such communication.

2. WORK PRODUCT. The Parties agree that:

    (a) The Work Product and other records and materials prepared or developed by any Party pursuant to this Agreement, including all written, graphic, audio, visual and any other materials, contributions, applicable work product and production elements contained therein whether on paper, disk, tape, digital file or any other media, shall be the property of such Party upon termination of this Agreement. Notwithstanding anything in this Agreement to the contrary, each Party retains all rights in its work product

2

possessed by such Party prior to, or acquired by a Party during, the performance by any Party of their obligations under this Agreement.

  (b)  Without limiting the foregoing, Paul Hastings LLP shall promptly deliver to the Trustee a full and complete copy of all written communications and presentation material delivered to and/or received from SD County.

3.  COMPENSATION.

  (a)  Neither the Estate nor the Trustee shall compensate Paul Hastings LLP or any other Party for any services provided and/or costs incurred by Paul Hastings LLP under this Agreement.

  (b)  In the event that SD County requires payment of fees or costs to SD County in furtherance of the Application ("Application Costs"), and upon the Trustee's prior written approval of the advancement of such Application Costs, the Application Costs may be advanced and paid by any party to this Agreement, or any other party in interest in the Bankruptcy Case or the chapter 11 case styled *In re Northern Capital, Inc.*, No. 17-04845-LT11, or a designee of any such party (the "Payor"), and such Payor may apply to the Bankruptcy Court for reimbursement of such Application Costs as an administrative expense under 11 U.S.C. Section 503(b)(1)(A); provided, however, that such administrative expense shall be treated as a chapter 11 administrative expense claim *pari passu* with other chapter 11 administrative expense claims.

4.  TIME IS OF THE ESSENCE. Time is of the essence in the performance of this Agreement.

5.  APPLICABLE LAW. This Agreement shall be governed by and interpreted, construed and enforced pursuant to the laws of the State of California and the U.S. Bankruptcy Code.

6.  ENFORCEMENT AND JURISDICTION. All Parties submit to the jurisdiction of the Bankruptcy Court to enforce the continuing obligations under this Agreement, and to resolve any dispute that may arise under this Agreement.

7.  NO ORAL WAIVER OR MODIFICATION. No waiver or modification of the terms of this Agreement shall be binding unless made in writing and signed by all Parties.

8.  ENTIRE AGREEMENT. This Agreement constitutes the entire agreement made by and between the Parties pertaining to the subject matter hereof, and fully supersedes any and all prior or contemporaneous understandings, representations, warranties, and agreements made by the Parties hereto or their representatives pertaining to the subject matter hereof. The Parties have not relied on any facts, statements, or the failure by any Party to make statements or disclose facts, in entering into this Agreement. No extrinsic evidence whatsoever may be introduced in any judicial proceeding involving the construction or interpretation of this Agreement.

9. <u>SEVERABILITY</u>. In the event any part of this Agreement is deemed unenforceable, the unenforceable provisions will be severed and the remaining provisions shall survive.

10. <u>COUNTERPARTS</u>. This Agreement may be executed and delivered in separate counterparts, each of which, when so executed and delivered, shall be an original, but such counterparts together shall constitute but one and the same instrument and agreement. Facsimile signatures shall be effective and shall have the same force and effect as original signatures.

*[Signatures begin on next page.]*

IN WITNESS WHEREOF, the parties have caused this Cooperation Agreement to be duly executed, as of the date first written above.

Dated: January ___, 2023

NORTHERN CAPITAL, INC.

By: _____
Duane S. Urquhart
Its: President

Dated: January 18, 2023

_____
Gerald H. Davis, Trustee
Estate of Peppertree Park Villages 9 & 10, LLC
Case No. 17-05137-LT7

Dated: January ___, 2023

PAUL HASTINGS LLP

By: _____
Todd M. Schwartz, Esq.
Will Clark Farmer, Esq.
Attorneys for Northern Capital, Inc.

APPROVED AS TO FORM:

Dated: January 18, 2023

FINANCIAL LAW GROUP

By: _____
Leslie T. Gladstone, Esq.
Christin A. Batt, Esq.
Attorneys for Gerald H. Davis, Trustee

5