JESSE S. FINLAYSON, SBN 179443
*jfinlayson@ftrlfirm.com*
**FINLAYSON TOFFER ROOSEVELT & LILLY LLP**
15615 Alton Parkway, Suite 270
Irvine, CA 92618
Telephone: 949.759.3810
Facsimile: 949.759.3812

Attorneys for Justus Wallace and Peppertree Park Villages 7 & 8, LLC

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>PEPPERTREE PARK VILLAGES 9 & 10, LLC<br><br>　　Debtor. | Lead Case No. 17-05137-LT7<br><br>Chapter 7<br><br>(Jointly Administered)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OBJECTION TO PURPORTED POST-CONFIRMATION ADMINISTRATIVE EXPENSE CLAIMS**<br><br>**<u>Hearing:</u>**<br>Date:　April 12. 2023<br>Time:　2:00 p.m.<br>Place:　Dept. 3, Room 129<br>　　　　325 West F Street<br>　　　　San Diego, CA 92101<br>Judge:　Hon. Laura S. Taylor |

# **TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................ 1

II. PROCEDURAL HISTORY ........................................................................................ 2

III. ARGUMENT ............................................................................................................ 5

    A.    Legal Principles. ............................................................................................ 5

    B.    The Pre-Confirmation Administrative Expense Claims Previously Approved by this Court are Entirely Proper. ........................... 7

    C.    The Plan Prohibits Foley & Lardner, Baker Tilly, and Higgs Fletcher's Administrative Expense Claims for Post-Confirmation Fees and Expenses. ............................................................. 7

    D.    Foley & Lardner is Not Entitled to Interest. ............................................. 8

    E.    Northern Capital, Inc.'s Purported Post-Confirmation Administrative Expense Claim is Improper. ............................................... 8

IV. CONCLUSION ......................................................................................................... 9

i

# TABLE OF AUTHORITIES

CASES

*Broadcast Corp. of Georgia v. Broadfoot*
   54 B.R. 606 (N.D.Ga.1985)...................................................................................5
*In re Age Ref., Inc.*
   505 B.R. 447 (Bankr. W.D. Tex. 2014) ...............................................................6, 8
*In re Colortex Indus., Inc.*
   19 F.3d 1371 (11th Cir. 1994)...............................................................................5
*In re Dahlgren Int'l, Inc.*
   147 B.R. 393 (N.D. Tex. 1992) ............................................................................6
*In re Dant & Russell, Inc.*
   853 F.2d 700 (9th Cir. 1988).................................................................................5
*In re Frank Meador Buick, Inc.*
   65 B.R. 200 (W.D. Va. 1986)........................................................................6, 8, 9
*In re Seaman*
   588 B.R. 790 (Bankr. W.D. Mich. 2018) ...............................................................6
*In re Sultan Corp.*
   81 B.R. 599 (B.A.P. 9th Cir. 1987)....................................................................6, 7
*In re Westholt Mfg., Inc.*
   20 B.R. 368 (Bankr. D. Kan 1982) ........................................................................6
*Nat'l Union Fire Ins. Co. v. VP Bldgs., Inc.*
   606 F.3d 835 (6th Cir. 2010) .................................................................................6

STATUTES

11 U.S.C. § 503(b)(1)(A)................................................................................*passim*
11 U.S.C. § 503(b)(2) .............................................................................................6
11 U.S.C. § 1127....................................................................................................8

OTHER AUTHORITIES

2 *Collier Bankruptcy Manual* ¶ 503.06[2][a]
   (Richard Levin & Henry J. Sommer eds., 4th ed., 2022).............................................5

Creditor Justus Wallace and Peppertree Park Villages 7 & 8, LLC ("Justus")[1] hereby objects to the purported post-confirmation administrative expense claims submitted by Foley & Lardner LLP [ECF No. 982], Baker Tilly US, LLC (f/k/a Squar Milner LLP) [ECF No. 987]; Higgs Fletcher & Mack LLP [ECF No. 991]; and Northern Capital, Inc. [ECF No. 993] and submits the following Memorandum of Points and Authorities in support of its Objection:

## I.  INTRODUCTION

In their recent filings, Foley & Lardner, Baker Tilly, and Higgs Fletcher seek approval of (a) fees and costs incurred prior to plan confirmation and already approved by this Court; and (b) additional post-confirmation fees and costs.  Foley & Lardner also seeks interest on its unpaid pre-confirmation amounts.  Northern Capital requests approval of solely post-confirmation management fees.  For the reasons explained below, Justus objects to the post-confirmation amounts.

As recognized in the relevant case law, plan confirmation generally cuts off the accrual of further administrative expenses.  The reason is simple:  There is no "estate" after plan confirmation and, therefore, there cannot be "actual, necessary costs and expenses of preserving the [non-existent] estate" under Bankruptcy Code § 503(b)(1)(A).  There is a limited exception under Bankruptcy Code § 503(b)(2) for post-confirmation professional fees and costs if two requirements are met:  (a) the services are contemplated by the confirmed plan and performed in aid of the consummation of the plan; and (b) nothing in the plan explicitly bars such fees.

Here, there is no question that the pre-confirmation fees and expenses of Foley & Lardner, Baker Tilly, and Higgs Fletcher already approved by this Court are proper chapter 11 administrative expenses.  No further approval of these amounts is necessary.

---

[1] Justus is the assignee of Meritage Homes of California, Inc.  As a result, Justus currently holds an unsecured claim in excess of $7.5 million and is the largest unsecured creditor in this case.

1

The remaining post-confirmation amounts sought by the claimants are not valid chapter 11 administrative expenses for the following reasons.

First, Foley & Lardner, Baker Tilly, and Higgs Fletcher are not entitled to an administrative expense claim for their post-confirmation fees and costs. The services provided by these firms were not contemplated by the plan or performed in aid of consummation of the plan. In fact, the opposite is true. The confirmed plan contains a deadline for submitting administrative claims that explicitly bars these claims. According to the relevant case law, these amounts should be treated as "ordinary creditor claims" and paid pro rata with unsecured creditors.

Second, the confirmed plan provides that creditors are not entitled to post-confirmation interest. Consequently, Foley & Lardner's interest claim is improper and should be disallowed entirely.

Finally, Northern Capital's post-confirmation management fees are not "actual, necessary costs and expenses of preserving the estate" under Bankruptcy Code § 503(b)(1)(A) because, at the time they were incurred, there was no "estate." Northern Capital's management fees should be treated as an "ordinary creditor claim" and paid pro rata with the other unsecured claims.

## II.  PROCEDURAL HISTORY

On August 28, 2017, Peppertree 9 & 10, LLC ("Peppertree 9 & 10") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. ECF No. 1. This chapter 11 case was jointly administered with the chapter 11 cases filed by Duane S. Urquhart, Peppertree Land Company, and Northern Capital, Inc. (collectively with Peppertree 9 & 10, the "Debtors"). ECF No. 30.

On August 8, 2019, the Debtors submitted their Seventh Amended Joint Chapter 11 Plan of Reorganization (the "Plan"). ECF No. 574. The Plan contemplated the Debtors sale of certain real property and payment of all creditors in full. *Id.* It provided that, except as otherwise provided in the Plan, "all property of the Estates will vest in the Reorganized Debtors" on the Effective Date pursuant to Bankruptcy Code

§§ 1141(b) and (c). *See id.* at § 11.2. The Plan also requires that all persons seeking allowance of an administrative expense claim file a fee application or other appropriate request for payment "***on or before forty (40) days following the Effective Date.***" *See id.* at § 2.2 (emphasis added).

On November 8, 2019, this Court entered an Order confirming the Plan. ECF No. 634.

On November 26, 2019, Peppertree 9 & 10 filed and served a detailed Notice Entry of Order Confirming Debtors' Seventh Amended Joint Chapter 11 Plan of Reorganization which provided express notice of the deadline to submit administrative expense claims under the Plan. ECF No. 655.

Over the next several weeks, each of the Debtors' professionals filed final fee applications that were approved by the Court. *See* ECF No. 672.

Despite being granted multiple extensions, the Debtors eventually defaulted on the terms of the confirmed Plan.

On June 27, 2022, this Court entered an Order converting this case to chapter 7. ECF No. 849. The same day, Gerald H. Davis (the "Trustee") was appointed as the chapter 7 trustee for Peppertree 9 & 10.

On August 9, 2022, the Trustee filed an *Ex Parte* Application to Establish Chapter 11 Administrative Claims Bar Date. ECF No. 897. The Trustee's *Ex Parte* Application requested that the Court set November 3, 2022 as the deadline to submit chapter 11 administrative claims.

The following day, this Court entered an Order approving the Trustee's *Ex Parte* Application and the Trustee provided notice of the November 3, 2022 administrative expense bar date.

Apparently prompted by the Trustee's Notice, on October 31, 2022, Foley & Lardner, LLP filed a Notice of Status of Administrative Claim and Request for Allowance of Additional Claims. ECF No. 982.

3

On November 3, 2022, (a) Baker Tilly US, LLC (f/k/a Squar Milner LLP) filed a Motion for Allowance and Payment of Administrative Expense [ECF No. 987]; (b) Higgs Fletcher & Mack LLP filed a Motion for Allowance and Payment of Administrative Claim [ECF No. 991]; and Northern Capital, Inc. filed a Motion for Allowance and Payment of Administrative Claim [ECF No. 993].

The Notice filed by Foley & Lardner and the Motions filed by Baker Tilly and Higgs Fletcher seek approval of a combination of (a) fees and expenses incurred prior to confirmation of the Plan and previously approved by this Court; and (b) new post-confirmation fees and expenses incurred after the Effective Date of the Plan. In addition, Foley & Larder requests interest on its unpaid pre-confirmation fees and expenses. Northern Capital, Inc.'s Motion seeks approval and payment of solely post-confirmation amounts.

The following chart summarizes the amounts sought by Foley & Lardner, Baker Tilly, Higgs Fletcher, and Northern Capital, Inc.:

| Claimant | Unpaid Portion of Court Awarded Compensation | Post-Confirmation Services | Total |
|---|---|---|---|
| Baker Tilly | $10,417.76 | $6,437.50 | $16,855.26 |
| Foley & Lardner (plus request for interest) | $448,410.53 | $25,711.00 | $474,121.53 |
| Higgs Fletcher & Mack | $68,921.10 | $240,708.72 | $309,629.82 |
| Northern Capital, Inc. | $0.00 | $193,000.00 | $193,000.00 |
| **TOTALS** | **$567,749.39** | **$465,857.22** | **$993,606.61** |

Each of these matters was initially scheduled for hearing on December 8, 2022. By stipulation and order, the hearing date was continued to April 12, 2023. *See* ECF No. 1025. Oppositions are due March 15, 2023, and replies are due March 31, 2023. *Id.*

4

## III.  ARGUMENT

The post-confirmation amounts sought by Foley & Lardner, Baker Tilly, Higgs Fletcher, and Northern Capital are not valid chapter 11 administrative expenses.

### A.  **Legal Principles.**

The allowance of administrative expenses is governed by Bankruptcy Code § 503(b).  11 U.S.C. § 503(b).  That section provides, in relevant part:  "[A]fter notice and a hearing, there shall be allowed administrative expenses …, including—(1)(A) the actual, necessary costs and expenses of preserving the estate ... [and] (b) compensation and reimbursement awarded under section 330(a) of this title …."  11 U.S.C. § 503(b)(1)(A), (2).

"The statute is explicit."  *In re Dant & Russell, Inc.*, 853 F.2d 700, 706 (9th Cir. 1988).  "Any claim for administrative expenses and costs [under § 503(b)(1)(A)] must be the actual and necessary costs of preserving the estate for the benefit of its creditors."  *Id.*

"[S]ection 503 priorities should be narrowly construed in order to maximize the value of the estate preserved for the benefit of all creditors."  *In re Colortex Indus., Inc.*, 19 F.3d 1371, 1377 (11th Cir. 1994).  These principles are applied even more stringently in chapter 7 cases:

> Since the goal in a Chapter 7 case is to "cash out" the bankrupt entity, rather than continue its operations, Chapter 7 is more concerned with maximizing the size of the estate to be distributed than with the Chapter 11 goal of inducing third parties to contribute towards the continued operations of the business.

*In re Dant & Russell*, 853 F.2d at 706-07 (quoting *Broadcast Corp. of Georgia v. Broadfoot*, 54 B.R. 606, 611 (N.D. Ga. 1985)).

As explained in the *Collier Bankruptcy Manual*, "[t]he reference to preserving the 'estate' in section 503(b)(1)(A) … sets an outside time limit for the occurrence of administrative expenses."  2 *Collier Bankruptcy Manual* ¶ 503.06[2][a] (Richard Levin & Henry J. Sommer eds., 4th ed., 2022).  "[C]ourts generally recognize that plan confirmation cuts off the accrual of further administrative expenses."  *Id.*; *see also,*

*e.g., Nat'l Union Fire Ins. Co. v. VP Bldgs., Inc.*, 606 F.3d 835 (6th Cir. 2010) (debtor was contractually obligated under post-petition contract to reimburse insurers for claims that insurer would be paying post-confirmation; even though the insurance benefited the estate, the court denied the administrative expense claims since the claimed expenses were not yet "actual" expenses); *In re Dahlgren Int'l, Inc.*, 147 B.R. 393 (N.D. Tex. 1992); *In re Frank Meador Buick, Inc.*, 65 B.R. 200 (W.D. Va. 1986) (claim arising post-confirmation treated as ordinary creditor claim); *In re Seaman*, 588 B.R. 790, 796 (Bankr. W.D. Mich. 2018) ("[C]onfirmation signals the end of case administration, the point after which no more administrative claims will arise."); *In re Westholt Mfg., Inc.*, 20 B.R. 368 (Bankr. D. Kan 1982) (after plan confirmation, further expenses of reorganized chapter 11 debtor not entitled to first priority).  Put simply, there is no "estate" after plan confirmation and, therefore, there cannot be any "actual, necessary costs and expenses of preserving the [non-existent] estate." *See* 11 U.S.C. § 503(b)(1)(A).

       There is a narrow exception to these clear rules for professional fees sought under Bankruptcy Code § 503(b)(2).  As explained by the Bankruptcy Appellate Panel for the Ninth Circuit, "post[-]confirmation attorney's fees [and other professional fees] are governed by section 503(b)(2) which makes no reference to the estate." *In re Sultan Corp.*, 81 B.R. 599, 601 (B.A.P. 9th Cir. 1987).  "Section 503(b)(2) provides that allowed administrative expenses include '... compensation and reimbursement awarded under section 330(a) ...[.]'  Similarly, the language of sections 330 and 327 do not require that the fees be incurred by the estate." *Id.*

       For these reasons, courts will allow post-confirmation professional fees under limited circumstances.  To qualify, the claimant must establish that (a) that the services were "contemplated by the plan" and "performed in aid of the consummation of the Chapter 11 plan and pursuant to the plan's directives;" *id.* at 602; and (b) nothing in the plan "explicitly bar[s] such fees." *In re Age Ref., Inc.*, 505 B.R. 447, 453 (Bankr. W.D. Tex. 2014).  In other words, "although post-confirmation fees are allowable under

6

some circumstances, they are not allowable after the claims-bar date of a confirmed plan." *Id.* (capitalization altered).  More succinctly, post-confirmation fees cannot be awarded in violation of an "express claims bar date[] in the [p]lan." *Id.*

**B.    The Pre-Confirmation Administrative Expense Claims Previously Approved by this Court are Entirely Proper.**

As a preliminary matter, Justus is not challenging the pre-confirmation fees and expenses of Foley & Lardner, Baker Tilly, and Higgs Fletcher already approved by this Court.  These amounts (as set forth in the chart above) are clearly proper and constitute valid chapter 11 administrative expense claims.

**C.    The Plan Prohibits Foley & Lardner, Baker Tilly, and Higgs Fletcher's Administrative Expense Claims for Post-Confirmation Fees and Expenses.**

Just as clearly, the purported post-confirmation administrative claims asserted by Foley & Lardner, Baker Tilly, and Higgs Fletcher are improper and not authorized by the Plan.  As an initial matter, the services provided by these firms were not "performed in aid of the consummation of the Chapter 11 plan and pursuant to the plan's directives." *See In re Sultan*, 81 B.R. at 602.  In fact, the Debtors defaulted under the Plan (despite multiple extensions) and the Plan was never fully consummated.  More fundamentally, the Plan contains an express bar date for administrative expense claims that expired more than three years ago. *See* ECF No. 574 at § 2.2.

Justus understands that Foley & Lardner, Baker Tilly, and Higgs Fletcher may have been confused by the Trustee's Notice of the November 3, 2022 bar date.  However, that Notice did not—and could not—override the express terms of the Debtors' confirmed Plan.[2]  The Trustee did not seek to modify—nor did this Court

---

[2] It is essentially standard operating procedure for chapter 7 trustees appointed in converted cases to request a chapter 11 administrative expense bar date.  The purpose of the chapter 11 administrative bar date is typically to allow the chapter 7
[Footnote continued on next page]

7

purport to modify—the Plan under Bankruptcy Code § 1127. *See* 11 U.S.C. § 1127. The Plan effectively "forbids" the approval of these firm's post-confirmation fees on an administrative basis. *In re Age Ref.*, 505 B.R. at 453.

      This result does not leave Foley & Lardner, Baker Tilly, and Higgs Fletcher completely without a remedy. It simply means that these firms' post-confirmation fees and costs should be treated as "ordinary creditor claim[s]" and paid pro rata with the Debtors' other unsecured claims. *See In re Frank Meador Buick*, 65 B.R. at 203.

### D. <u>Foley & Lardner is Not Entitled to Interest</u>.

      Section 7.9 of the Plan expressly provides: "Notwithstanding anything to the contrary herein, no holder of an Allowed Claim shall receive in respect of such Claim any distribution in excess of the Allowed amount of such Claim." There is no provision for interest. For this reason, Foley & Lardner's request for post-confirmation interest violates the Plan and should be denied.

### E. <u>Northern Capital, Inc.'s Purported Post-Confirmation Administrative Expense Claim is Improper</u>.

      Northern Capital's claim is for post-confirmation management fees of $20,000/month as required under Peppertree 9 & 10's LLC Operating Agreement. Northern Capital is not a "professional" employed under Bankruptcy Code § 327 and, therefore, seeks approval of its purported administrative expense claims under Bankruptcy Code § 503(b)(1)(A).

      For the reasons explained above, Northern Capital's administrative expense claim is clearly improper. Under the express terms of the Plan and Bankruptcy Code §§ 1141(b) and (c), all property of the estate revested with the Debtors upon plan confirmation. There was no "estate" after plan confirmation and, therefore, Northern

---

trustee to determine the amount of such claims to assess the financial situation of the case. This process makes complete sense in most cases, but not in the rare case that is converted post-confirmation. Here, the November 3, 2022 bar date served no real purpose because the Plan already included an administrative bar date that expired 40 days after the Effective Date. Most likely, the Trustee's Notice simply confused the Debtors' former professionals who had already submitted final fee applications.

Capital's post-confirmation management fees cannot qualify as "actual, necessary costs and expenses of preserving the [non-existent] estate."  11 U.S.C. § 503(b)(1)(A).  Northern Capital's claim should be treated as an "ordinary creditor claim" and paid pro rata with the Debtors' other unsecured claims.  *See In re Frank Meador Buick*, 65 B.R. at 203.

## IV.  CONCLUSION

For these reasons, Justus requests that the Court enter an Order (a) denying Foley & Lardner, Baker Tilly, and Higgs Fletcher's request for approval of their post-confirmation fees and expenses as chapter 11 administrative expenses; (b) disallowing Foley & Lardner's demand for interest in its entirety; and (c) denying Northern Capital's request for approval of its post-confirmation management fees as a chapter 11 administrative expense.  The post-confirmation amounts sought by Foley & Lardner, Baker Tilly, Higgs Fletcher, and Northern Capital should be treated as an "ordinary creditor claim" paid pro rata with the Debtors' other unsecured claims.

DATED:  March 15, 2023

FINLAYSON TOFFER
ROOSEVELT & LILLY LLP

By: */s/ Jesse S. Finlayson*
Jesse S. Finlayson

Attorneys for Justus Wallace and Peppertree Park Villages 7 & 8, LLC

9

# PROOF OF SERVICE

I am over the age of eighteen years and am not a party to the within action. I am employed in the County of Orange, State of California, at the law offices of Finlayson Toffer Roosevelt & Lilly LLP, members of the bar of this Court. My business address is 15615 Alton Parkway, Suite 270, Irvine, California 92618. On March 15, 2023, I served ☒ a true copy / ☐ the original of the foregoing document(s) described as:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OBJECTION TO PURPORTED POST-CONFIRMATION ADMINISTRATIVE EXPENSE CLAIMS**

✓ **BY CM/ECF NOTICE OF ELECTRONIC FILING**: Pursuant to controlling General Orders, a true copy will be served by the Court via Notice of Electronic Filing ("NEF") and hyperlink to the document. I checked the CM/ECF docket for this case and determined that the parties on the attached Service List are on the Electronic Mail Notice List to receive NEF transmission at the electronic mail addresses noted.

___ **BY UNITED STATES MAIL**: I enclosed the document(s) in a sealed envelope or package to the parties on the attached Service List and placed it for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

___ **BY OVERNIGHT DELIVERY**: I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the parties on the attached Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

___ **BY ELECTRONIC MAIL**: I caused the document(s) to be sent to the parties on the attached Service List at the electronic mail addresses listed.

___ **BY FACSIMILE**: I faxed the document(s) to the parties on the attached Service List at the fax numbers listed. No error was reported by the fax machine that I used. A fax transmission record was printed, a copy of which is maintained by this office.

___ **BY MESSENGER SERVICE**: I provided the document(s) to a professional messenger service for delivery to the parties on the attached Service List.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. Executed on March 15, 2023.

                                                        */s/ Hind AbdulKader*
                                                        Hind AbdulKader

*In re Peppertree Park Villages 9 & 10, LLC*
U.S.B.C. S.D. Cal. Case No. 17-05137-LT7

### SERVICE LIST

BY NEF

- Christin A. Batt christinb@flgsd.com, sandray@flgsd.com;candic@flgsd.com;leslieg@flgsd.com
- Richard W. Brunette rbrunette@sheppardmullin.com
- Jonathan S. Dabbieri dabbieri@sullivanhill.com, hill@sullivanhill.com;bkstaff@sullivanhill.com;vidovich@ecf.inforuptcy.com;dabbieri@ecf.inforuptcy.com
- Gerald H. Davis ghd@trusteedavis.com, ghd@trustesolutions.net
- Todd S. Garan ch11ecf@aldridgepite.com, tgaran@aldridgepite.com;TSG@ecf.courtdrive.com
- Leslie T. Gladstone leslieg@flgsd.com, candic@flgsd.com;sandray@flgsd.com;christinb@flgsd.com
- Marshall Hogan mhogan@swlaw.com, knestuk@swlaw.com
- Mikle Jew mjew@foley.com, mikle-jew-2406@ecf.pacerpro.com;smoreno@foley.com
- Dean T. Kirby dkirby@fsl.law, jwilson@fsl.law
- Paul J Leeds Pleeds@fsl.law, ssanchez@fsl.law
- J. Barrett Marum bmarum@sheppardmullin.com, egarcia@sheppardmullin.com
- Tania M. Moyron tania.moyron@dentons.com, derry.kalve@dentons.com;DOCKET.GENERAL.LIT.LOS@dentons.com
- David Ortiz david.a.ortiz@usdoj.gov, USTP.REGION15@USDOJ.GOV;tiffany.l.carroll@usdoj.gov;abram.s.feuerstein@usdoj.gov
- J. Alexandra Rhim arhim@hemar-rousso.com, tdunn@hemar-rousso.com
- Todd M. Schwartz toddschwartz@paulhastings.com
- Lisa Torres ltorres@g3pmlaw.com, ltorreslegalconsulting@hush.com
- United States Trustee ustp.region15@usdoj.gov
- Alan Vanderhoff alan.vanderhoff@vanderhofflaw.com, alanvanderhoff@cox.net
- Victor A. Vilaplana victor.vilaplana@practus.com, vavilaplana@gmail.com
- Dennis J. Wickham wickham@scmv.com, nazari@scmv.com
- Christopher K.S. Wong christopher.wong@afslaw.com

2

- Robert Zahradka rzahradka@nationalfunding.com

**VIA U.S. MAIL & E-MAIL**

Stacy Elledge Chiang
Baker Tilly US, LLP
3655 Nobel Drive
Suite 300
San Diego, CA 92122
stacy.chiang@bakertilly.com

Martin A. Eliopulos
Higgs, Fletcher & Mack LLP
401 West A Street, Suite 2600
San Diego, CA 92101-7913
elio@higgslaw.com