Order Entered on July 26, 2023 by Clerk U.S. Bankruptcy Court Southern District of California

**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

| In re: | BANKRUPTCY NO. | 17-05137-LT7 |
|---|---|---|
| PEPPERTREE PARK VILLAGES 9 AND 10, LLC, | Date of Hearing: | n/a |
| | Time of Hearing: | n/a |
| Debtor. | Name of Judge: | Laura S. Taylor |

ORDER DENYING RENEWED MOTION OF PEPPERTREE LAND COMPANY FOR ENTRY OF AN ORDER (I) RECONSIDERING THE SALE ORDER OR, IN THE ALTERNATIVE, (II) GRANTING A STAY PENDING APPEAL

Related Motion/Order Docket Entry No. 1147

IT IS HEREBY ORDERED as set forth on the continuation page(s) attached, numbered two (2) through thirteen (13).

DATED: July 26, 2023

Judge, United States Bankruptcy Court

Case 17-05137-LT7   Filed 07/26/23   Entered 07/26/23 16:02:51   Doc 1160   Pg. 2 of 13

Page 2 | ORDER DENYING RENEWED MOTION OF PEPPERTREE LAND COMPANY FOR ENTRY OF AN ORDER (I) RECONSIDERING THE SALE ORDER OR, IN THE ALTERNATIVE, (II) GRANTING A STAY PENDING APPEAL

In re Peppertree Park Villages 9 and 10, LLC                          Case No. 17-05137-LT7

Peppertree Land Company ("Debtor") filed a motion seeking an indicative ruling pursuant to Fed. R. Bankr. P. 8008[1][2] which, if granted, would advise the appellate court (the "BAP") that if this matter is remanded, the Court would reconsider its order approving sale of real property (the "Property") owned by its affiliate Peppertree Park Villages 9 and 10, LLC ("Property Owner"). In the alternative, Debtor seeks to stay the Property's sale pending appeal.

The Court, having considered the motion and its related documents, the two oppositions, and the reply, having benefitted from its approximately six years of experience with and knowledge obtained in handling this case, and having reviewed critical documents on the docket in Debtor's chapter 11 case and also documents on the dockets[3] in the bankruptcy cases filed by Property Owner and other affiliated debtors, will deny the request for an indicative ruling and further will deny the request for a stay pending appeal.

The Court's reasoning is as follows:

**Facts**

- Debtor, Property Owner, and two other affiliated parties, Northern Capital, Inc. ("NCI") and Duane Urquhart, filed bankruptcy cases almost six years ago. The filings followed a significant loss in a state court case and a substantial damages award. The judgment debtor filed a $7,533,703.44 proof of claim ("Claim #4"). The Court administratively consolidated the various debtors (when referred to collectively "Debtors").

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] The motion cites to Rule 8008, as it must because the Court lacks jurisdiction to decide a motion under Civil Rule 60 (made applicable in a bankruptcy case by Rule 9024) given the present appeal and given that this motion was filed more than 14 days after entry of the order on appeal. See Rule 8002(b)(1)(D) & (b)(2). But the substance of the motion's text is a straight Civil Rule 60 request; there is no discussion of the mechanics of an indicative ruling request and, indeed, the operative rule is not mentioned in the supporting memorandum. The Court ignores this lapse, determines that it should not deny the request on this basis, and instead decides the motion in the appropriate context.

[3] Citations to "Dkt. No. ___" refer to the docket in Property Owner's case. Otherwise the relevant case number is given.

Case 17-05137-LT7    Filed 07/26/23    Entered 07/26/23 16:02:51    Doc 1160    Pg. 3 of 13

Page 3 | ORDER DENYING RENEWED MOTION OF PEPPERTREE LAND COMPANY FOR ENTRY OF AN ORDER (I) RECONSIDERING THE SALE ORDER OR, IN THE ALTERNATIVE, (II) GRANTING A STAY PENDING APPEAL

In re Peppertree Park Villages 9 and 10, LLC                                     Case No. 17-05137-LT7

- The cases were acrimonious, but hope lay in development of the Property – or at least in its sale or refinancing. The schedules indicated that Property Owner owned the Property and that Debtor did not. Indeed, Debtor scheduled no assets other than $1,800 in cash and its interest in Property Owner. Case No. 17-5135; Dkt. No. 15.

- Eventually, a plan was confirmed that established deadlines for payments to creditors. But the deadlines were not met. Because of difficulties arising from the pandemic, there was cooperation in an initial extension of time, but eventually it became clear to the Court that Property Owner and the other Debtors could not be relied on to sell the Property. Among other problems, they were always sure that a higher recovery was just down the road.

- This certainty was underscored by the Court's complete loss of trust in Mr. Urquhart, one of the Debtors and the principal of the other Debtor entities. See Dkt. Nos. 778, 881, and 960 at 10:9-11; 34:7-24; and 39:16-18.

- The Court converted Property Owner's case to chapter 7 in June of 2022. Dkt. No. 849. No one appealed, and that order is now final. The chapter 7 Trustee took over efforts to sell the Property.

- The Court delayed conversion of the other entity-Debtors based on the belief that they had no assets available for recovery, that it would be unfair to a trustee to do so, and that unnecessary expense would be avoided. But the Court also required assurance that Mr. Urquhart and the other Debtors were no longer in control and agreed to not interfere with the sale of the Property. *See* Dkt. No. 960 at 27:3-28: 20; 31: 22-23:1; 34:18-24.

- In this regard, the Court required written evidence of future cooperation with the Trustee from Debtor, Mr. Urquhart, and others (the "Cooperation Agreement"). *See* Dkt. No. 1001 at Ex. A. In this agreement, Debtor acknowledged that Property Owner's Estate owned the Property and the pending development applications. *See Id.* at p. 1.

- Sale of the Property was difficult, but the Trustee eventually identified a stalking-horse bidder ("Buyer"). Dkt. No. 1062. The motion seeking

Case 17-05137-LT7   Filed 07/26/23   Entered 07/26/23 16:02:51   Doc 1160   Pg. 4 of 13

Page 4 | ORDER DENYING RENEWED MOTION OF PEPPERTREE LAND COMPANY FOR ENTRY OF AN ORDER (I) RECONSIDERING THE SALE ORDER OR, IN THE ALTERNATIVE, (II) GRANTING A STAY PENDING APPEAL

In re Peppertree Park Villages 9 and 10, LLC                               Case No. 17-05137-LT7

approval of the stalking horse bidder, the sale agreement, the sale procedures, and sale free and clear (the "Sale Motion") provided for sale of the Property together with all pending development applications. *Id.* at 9:1-14. The sale agreement proposed in connection with the Sale Motion (the "Sale Agreement") made clear that the Trustee was selling the Property and all related development rights. *Id.* at Ex. A at p. 15.

- Debtor did not object to the Sale Motion based on the sale of the development agreements in its opposition to the Sale Motion. Dkt. No. 1075.

- The Court orally granted the Sale Motion and approved sales procedures and a sale subject to the sale agreement but also subject to overbid. Dkt. No. 1086 & 1087. After lodgment of the required order, Debtor first raised potential ownership of a development agreement (the "2003 Application"). Dkt. No. 1091. So, for the first time ever in this case's almost six-year history, Debtor expressed that it "might" own the 2003 Application. The Court found its position meritless and untimely and entered a sale order as requested by the Trustee (the "Sale Order"). Dkt. No. 1094.

- The Court-approved marketing went forward, but overbids were not received.

- The realizable price from an approved sale, coupled with concessions agreed to by the secured lender for a prompt closing, and a settlement of claims against the Buyer will result in proceeds sufficient to pay costs of sale, the secured lender, chapter 7 administrative expenses, and a portion of Debtor's chapter 11 administrative expenses. Buyer, who purchased Claim 4 and is the largest unsecured claim in Property Owner's case, will receive nothing on account of its purchased claim. Equity is millions of dollars out of the money.

- After the time for overbidding passed, and with an order confirming the sale to Buyer pending, Debtor again feigned surprise that the Trustee intended to sell development rights in general and the 2003 Application in particular. Dkt. No. 1124. The Court again found its position meritless and determined that Debtor was judicially estopped from making this argument as it was inconsistent with its schedules, its

Case 17-05137-LT7   Filed 07/26/23   Entered 07/26/23 16:02:51   Doc 1160   Pg. 5 of 13

Page 5 | ORDER DENYING RENEWED MOTION OF PEPPERTREE LAND COMPANY FOR ENTRY OF AN ORDER (I) RECONSIDERING THE SALE ORDER OR, IN THE ALTERNATIVE, (II) GRANTING A STAY PENDING APPEAL

In re Peppertree Park Villages 9 and 10, LLC                                    Case No. 17-05137-LT7

disclosure statement, and its conduct throughout the case. The Court confirmed the sale to Buyer and also treated Debtor's documents as a request under Civil Rule 59 and denied the request. Dkt. Nos. 1132 & 1133.

- An appeal followed.

**Indicative Ruling**

- As already noted, Debtor seeks reconsideration through an indicative ruling advising the BAP that, if the matter is remanded to it, the Court will reconsider its order approving the sale of the Property. Although a motion for reconsideration is not specifically recognized under the Federal Bankruptcy Rules, it is governed by Rule 9024 (incorporating Civil Rule 60) if brought more than 14 days after entry of the order. *See In re Negrete*, 183 B.R. 195, 197 (9th Cir. BAP 1995); *Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n. 3 (10th Cir. 2002). As stated in Rule 8002, if a party does not file an appeal of a bankruptcy court's order within 14 days of entry, then that order becomes final. FED. R. BANKR. P. 8002. The bankruptcy court has broad discretion in deciding whether to reconsider its prior orders. *In re Elias*, 188 F.3d 1160, 1161 (9th Cir. 1999). And such orders should be granted with caution. *See Kona Enter., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

- The grounds for reconsideration under Civil Rule 60(b) are limited to six identified grounds for relief, including mistake. *See* FED. R. CIV. P. 60(b)(1)–(6). Thus, a court may grant a motion for relief from a final judgment or order "only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) 'extraordinary circumstances' which would justify relief." *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991) (citations omitted).

- A motion to reconsider is inappropriate to simply rehash the same arguments made to the bankruptcy court or to assert new legal theories or facts that could have been – but were not – raised before the bankruptcy court. *See Fadel v. DCB United LLC (In re Fadel)*, 492 B.R.

Case 17-05137-LT7   Filed 07/26/23   Entered 07/26/23 16:02:51   Doc 1160   Pg. 6 of 13

Page 6 | ORDER DENYING RENEWED MOTION OF PEPPERTREE LAND COMPANY FOR ENTRY OF AN ORDER (I) RECONSIDERING THE SALE ORDER OR, IN THE ALTERNATIVE, (II) GRANTING A STAY PENDING APPEAL

In re Peppertree Park Villages 9 and 10, LLC                                      Case No. 17-05137-LT7

1, 12 (9th Cir. BAP 2013) (citation omitted).

- Debtor seeks relief under Civil Rule 60(b)(2) & (6).

- **Civil Rule 60(b)(2).**

    o  The Court agrees with the Opposing Parties, the Trustee and Buyer, that relief under Civil Rule 60(b)(2) is unavailable. Here the evidence was a new post-judgment fact – not an undiscoverable pre-judgment fact. This is not newly discovered evidence within the meaning of Civil Rule 60(b)(2). *See Fantasyland Video, Inc. v. County of San Diego*, 505 F.3d 996, 1005 (9th Cir. 2007).

    o  And in a sale context it is critical that rigor in this regard exists. The sale process will never end if every post-sale fact arguably supporting a higher value can be brought before a court as newly discovered evidence under Rule 60(b)(2) that arguably justifies reconsideration of a previously approved sale.

- **Civil Rule 60(b)(6)**.

    o  Thus, reconsideration here is only appropriate if the evidence meets the standard for establishing Civil Rule 60(b)(6) extraordinary circumstances. Here extraordinary circumstances within the meaning of Civil Rule 60(b)(6) do not exist.

    o  First, Debtor seeks relief inconsistent with its position before appeal; it seeks to indirectly and inappropriately expand the scope of the issue on appeal. The Court will not reconsider sale of the Property because Debtor's limited oppositions to the Sale Order do not question the real property sale itself.

    o  Debtor's only issue on appeal, the inclusion of the 2003 Application in the sale, was not raised in an appropriate time frame. Its timely opposition to the sale did not include this issue.

    o  Instead, in response to the proposed orders, it pretended to be shocked to learn that the sale of the Property would include all

Case 17-05137-LT7   Filed 07/26/23   Entered 07/26/23 16:02:51   Doc 1160   Pg. 7 of 13

Page 7 | ORDER DENYING RENEWED MOTION OF PEPPERTREE LAND COMPANY FOR ENTRY OF AN ORDER (I) RECONSIDERING THE SALE ORDER OR, IN THE ALTERNATIVE, (II) GRANTING A STAY PENDING APPEAL

In re Peppertree Park Villages 9 and 10, LLC                    Case No. 17-05137-LT7

development applications pending in relation to the Property. As noted by the objectors, at least two documents made this clear.

- And its four page opposition, merely stated that it "might" own this right. Debtor's attempt to request an indicative ruling or reconsideration of the only issue relevant to the appeal is merely a do-over request. In effect, it argues louder – that it now absolutely owns the 2003 Application – and makes a new and more detailed argument it could have made earlier. And on reply it references various authorities, none of which were ever presented to the Court. Advancing arguments regarding alleged ownership of the 2003 Application that could have been made below is no basis for reconsideration under any theory. Debtor's failure to make its record before appeal is not an extraordinary circumstance and does not justify reconsideration now.

- Further, Debtor's newly ginned up alleged ownership of the 2003 Application is inconsistent with Debtor's previous representations to the Court. The indicative ruling request and the assertion that the Court got it wrong inappropriately minimizes the long history of the case and Debtor's prior representations and omissions. The failure to schedule the 2003 Application is of no moment in Debtor's view; the Court strongly disagrees. It acknowledges that the Disclosure Statement supporting the Plan has statements inconsistent with its theory, but claims that this is an irrelevancy. Again, the Court says not so. The Debtor never addresses the Cooperation Agreement.

- What it studiously ignores is that the Court relied on its representations (explicit and implicit) that: (1) its only assets were scheduled; (2) its assets did not include an interest in the development rights related to the Property; and (3) that it would cooperate in a sale of the Property and all related assets so as to conclude this case and pay creditors. It created such understandings throughout the case. It specifically so agreed in the Cooperation Agreement. Not to put too fine a point on it, but if the Court for one second suspected that Debtor was not cooperating fully – even to the extent of including the 2003 Agreement in a sale of the Property if it had a right in this regard – it would not have confirmed the Plan and would have

Case 17-05137-LT7   Filed 07/26/23   Entered 07/26/23 16:02:51   Doc 1160   Pg. 8 of 13

Page 8 | ORDER DENYING RENEWED MOTION OF PEPPERTREE LAND COMPANY FOR ENTRY OF AN ORDER (I) RECONSIDERING THE SALE ORDER OR, IN THE ALTERNATIVE, (II) GRANTING A STAY PENDING APPEAL

In re Peppertree Park Villages 9 and 10, LLC                                    Case No. 17-05137-LT7

converted the case or appointed a Trustee years ago. As discussed below, judicial estoppel applies.

- Judicial estoppel applies here in two respects. Debtor is judicially estopped to argue that it did not transfer the development agreement it now purports to control and own to Property Owner. But more specifically, Debtor is judicially estopped from arguing that it did not provide Property Owner with the right to control and compel transfer of the rights it now claims to own and control incident to a sale of the Property. If it wanted to carve out these rights as owned and controlled by it, it should have scheduled them, made the asserted right clear in the disclosure statement, provided for such bifurcation in the Plan, or refrained from stating to the contrary in the Cooperation Agreement. It did none of these things.

- Property Owner had no obligation to schedule all development rights related to the Property and contributory to its value. But Debtor, to the extent it claimed an interest in the 2003 Application and an ability to compel payment or to exert control on account of that interest, was absolutely obligated to schedule an interest in the 2003 Application.

- The Plan anticipated that Debtor would cooperate in a sale of the Property and all assets to pay creditors. Its current actions are inconsistent with its agreements in the Plan.

- Debtor agreed to cooperate to sell the Property and related development rights in the Cooperation Agreement. Its current actions are inconsistent with its obligations under the Cooperation Agreement.

- Debtor's argument that neither an indicative ruling placing the sale into question nor a stay of the sale will harm anyone is outrageous. The secured loan is in default, yet the lender is not only cooperating but providing a carve out. Debtor's actions endanger not only the carve-out but the sale itself. It ignores that material harm is not only possible, but highly-highly probable, if

Case 17-05137-LT7   Filed 07/26/23   Entered 07/26/23 16:02:51   Doc 1160   Pg. 9 of 13

Page 9 | ORDER DENYING RENEWED MOTION OF PEPPERTREE LAND COMPANY FOR ENTRY OF AN ORDER (I) RECONSIDERING THE SALE ORDER OR, IN THE ALTERNATIVE, (II) GRANTING A STAY PENDING APPEAL

In re Peppertree Park Villages 9 and 10, LLC                    Case No. 17-05137-LT7

the sale of the Property is delayed.[4]

**Stay Pending Appeal**

- A motion for stay pending appeal must satisfy four elements: (1) appellant is likely to succeed on the merits; (2) appellant will suffer irreparable injury if no stay is granted; (3) no substantial harm will come to appellee as a result of a stay; and (4) the stay will not harm the public interest. *Nken v. Holder*, 556 U.S. 418, 425–26 (2009). Debtor fails to establish that any of these standards are met here.

- **Likelihood of success**.

    o Debtor cannot prevail in stopping a sale of the Property which it does not own. And it is highly unlikely to prevail in its attempt to remove the 2003 Application from the sale. As discussed above, Debtor never argued in opposition to the Sale Motion that it contemplated sale of an asset owned by Debtor and that Debtor was not willing to cooperate. Instead, it feigned shock at the point of the Sale Order and the order confirming the sale and said, not that it owned anything, but that it might. And balanced against this phantom of a theory were its own admissions made under penalty of perjury in its schedules, the statements in its disclosure statement, its agreement in the Cooperation Agreement, and its conduct throughout the case.

    o In its request for reconsideration and on reply, it attempts to bolster its position with a more detailed outline of its theory and a stronger pronouncement of position (we absolutely own the 2003 Application). But this new content was not raised before appeal, it was clearly available, and it does not appear to fit the limited circumstances where an appellate court can or should stray beyond the record.

    o Further, it is supported by the declaration of a man proved untrustworthy throughout the case. The BAP will not make credibility findings, but the docket, if not the record, is replete

---

[4] The Trustee's opposition (Dkt. No. 1156) outlines the risks of harm well, and it supports its view with evidence. The Court adopts its position, as a basis for denying this motion.

Case 17-05137-LT7  Filed 07/26/23  Entered 07/26/23 16:02:51  Doc 1160  Pg. 10 of 13

Page 10 . | ORDER DENYING RENEWED MOTION OF PEPPERTREE LAND COMPANY FOR ENTRY OF AN ORDER (I) RECONSIDERING THE SALE ORDER OR, IN THE ALTERNATIVE, (II) GRANTING A STAY PENDING APPEAL

In re Peppertree Park Villages 9 and 10, LLC                                    Case No. 17-05137-LT7

with examples of his untrustworthy character.

- o And the Court continues to believe strongly that the issue is not what Debtor owns but whether Debtor by its prior conduct is judicially estopped to argue one or more of the following points: (1) that Property Owner does not own the 2003 Application; (2) that Property Owner lacks equitable title sufficient to control sale of the 2003 Application; or (3) that Debtor has agreed, notwithstanding ownership of the 2003 Application, that Property Owner can include the development assets in any sale of the Property.

- o Debtor also ignores that on the flimsy record it established before the Court, its theory is a factual nullity. Foley &Lardner represented both Debtor and Property Owner in their chapter 11 cases. In the highly unlikely event that Debtor ultimately establishes a right to allocated value from the sale of the Property on account of the 2003 Application, it may be that Foley is paid by Debtor and not by Property Owner in whole or in part, but there is unlikely to be any change benefitting Debtor's "stakeholders."[5]

- **Irreparable harm to Debtor will not occur here if the appeal is stayed**.

    - o The requested stay is significantly overbroad and based on seriously flawed logic. Debtor argues irreparable harm due to loss of the Property. But, to date, it hasn't attempted an even bigger re-write of history to claim ownership of the Property itself. Instead, it claims an interest in the unscheduled 2003 Application. If it prevails on appeal, it merely gets the opportunity to argue that the 2003 Application was not properly included in the sale. And if it prevails on that count, it can be compensated by a re-allocation of sale proceeds to the extent its alleged asset had any contributory value at the relevant time; which is the time of the sale. Again, there is no irreparable injury to Debtor here because Debtor's alleged injury can be addressed

---

[5] The Court has some views on Debtor's standing on appeal, but determines that it should not address that issue.

Case 17-05137-LT7    Filed 07/26/23    Entered 07/26/23 16:02:51    Doc 1160    Pg. 11 of 13

Page 11   .   | ORDER DENYING RENEWED MOTION OF PEPPERTREE LAND COMPANY FOR ENTRY OF AN ORDER (I) RECONSIDERING THE SALE ORDER OR, IN THE ALTERNATIVE, (II) GRANTING A STAY PENDING APPEAL

In re Peppertree Park Villages 9 and 10, LLC                                    Case No. 17-05137-LT7

by a monetary payment.

- **Irreparable harm to Property Owner's estate is highly probable**.

    o If this sale is lost, a foreclosure by the lienholder is probable. The lienholder has been very cooperative, but it is long in default. The loss of the carveout certainly will occur. At this point, there is some equity available for chapter 11 administrative creditors, but it is shrinking.

    o Further, the new evidence that Debtor touts isn't likely to overly excite any rational buyer in the Court's view. A rush to pay millions more is not certain. The County says that it will allow reversion to the 2003 Application where there were favorable conclusions regarding the Property not being in the area of influence of the Fallbrook Airport. Apparently, a developer can now ignore a later conclusion that houses should not be built because a plane might crash into them on landing or takeoff. But the County then says, at least as the Court reads it, but don't assume that the adjacent airport is irrelevant or that this project is getting built as you desire. It says:

    > Please keep in mind that the project will still require CEQA review, including evaluating impacts from the Fallbrook airport. Please also note that this does not imply staff support for the project or that staff will ultimately recommend approval of the General Plan Amendment (GPA) application. Staff will process the 2003 GPA application based on the Airport Authority determination that the project was outside of an adopted Airport Land Use Compatibility Plan at the time it was reviewed. Also, as we've indicated since 2003, the project will also require approval of a Specific Plan Amendment, Rezone, and Tentative Map.

    This is hardly a ringing endorsement of the project or its chances of success in the near future. After all, problems from 20 years ago

Case 17-05137-LT7    Filed 07/26/23    Entered 07/26/23 16:02:51    Doc 1160    Pg. 12 of 13

Page 12 | ORDER DENYING RENEWED MOTION OF PEPPERTREE LAND COMPANY FOR ENTRY OF AN ORDER (I) RECONSIDERING THE SALE ORDER OR, IN THE ALTERNATIVE, (II) GRANTING A STAY PENDING APPEAL

In re Peppertree Park Villages 9 and 10, LLC                                  Case No. 17-05137-LT7

remain unresolved. Further, a CEQA review is still required[6], and in the context of the CEQA review the determinations post-2003 regarding the Fallbrook Airport zone of influence may still be relevant. The Court does not say that this change isn't positive in some respects, but absent identification of an actual buyer willing to immediately improve the offer at a level above the break-up fee, complete certainty that such a sale will close, and funds sufficient to pay a damages claim by the Buyer, this new evidence is insufficient to justify any stay much less the over-broad one requested.

- Debtor is gambling that a delay will bring in additional dollars. But it is not gambling with its own money. It is notable that in connection with its request for a stay it does not propose to pay the additional estate expenses engendered by a delay. Nor does it offer a bond (the Court would require one that fully insulates the estate from all consequences of a loss of this sale including: (1) recovery of one hundred percent of the proceeds; (2) recovery of the carve out; (3) recovery of the settlement proceeds; (4) the cost of delay both in terms of increasing interest on the secured claim and interest on the delayed distributions to creditors at a market rate; (5) the significant additional administrative expenses that delay will cause; and (6) the risk of a successful damages claim by Buyer and resultant costs in paying and defending against such a claim. Ten to fifteen million seems possible? Maybe more?[7]

- The bankruptcy court may require the posting of a bond as a condition of granting a stay pending appeal. FED. R. BANKR. P. 8005. The court has discretion in determining the sufficiency of the bond and the adequacy of the surety. FED. R. BANKR. P. 7062(d); *Farmer v. Crocker Nat'l Bank (In re Swift Aire Lines, Inc.)*, 21 B.R. 12, 16 (9th Cir. BAP 1982). Unless there are additional problems in its schedules, Debtor cannot afford a bond and certainly not the multi-million dollar one required here. And

---

[6] At some point in the case wetlands were mentioned and the building of a bridge to traverse them is a possibility. If increased residential density is allowed, these issues aren't getting easier of resolution or less expensive in related cost.

[7] A bond related to the only stay even arguably appropriate on this appeal (a stay of a distribution of a portion of sale proceeds) would require a determination of the contributory value of the 2003 Application on the sale date.

Case 17-05137-LT7    Filed 07/26/23    Entered 07/26/23 16:02:51    Doc 1160    Pg. 13 of 13

Page 13    .    | ORDER DENYING RENEWED MOTION OF PEPPERTREE LAND COMPANY FOR ENTRY OF AN ORDER (I) RECONSIDERING THE SALE ORDER OR, IN THE ALTERNATIVE, (II) GRANTING A STAY PENDING APPEAL

In re Peppertree Park Villages 9 and 10, LLC                                    Case No. 17-05137-LT7

if Mr. Urquhart is again involved, no bond can adequately protect against his potential for harm. And, again, a bond staying the sale itself is not appropriate.

- **The public interest is harmed by a stay**.

  o  There is a strong need for finality of sales in a bankruptcy context. Consistent with this view is Rule 8002(d)(2)(B) which does not allow extension of the time for appeal from an order authorizing a sale and section 363(m) which limits the impact of an appeal on a sale to a good faith purchaser. Public policy requires that purchasers at a bankruptcy sale have a high degree of certainty. Granting a stay here undercuts this important principal.

Based on the foregoing,

The request for an indicative ruling is DENIED; and

The request for a stay pending appeal is DENIED.

Signed by Judge Laura Stuart Taylor July 26, 2023