JESSE S. FINLAYSON, SBN 179443
*jfinlayson@ftrlfirm.com*
**FINLAYSON TOFFER ROOSEVELT & LILLY LLP**
15615 Alton Parkway, Suite 270
Irvine, CA 92618
Telephone: 949.759.3810
Facsimile: 949.759.3812

Attorneys for Justus Wallace Peppertree Park Villages 7 & 8, LLC

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>PEPPERTREE PARK VILLAGES 9 & 10, LLC<br><br>Debtor. | Lead Case No. 17-05137-LT7<br><br>Chapter 7<br><br>(Jointly Administered)<br><br>**STATUS REPORT RE MOTION FOR RELIEF FROM STAY**<br><br>**Hearing:**<br>Date:   September 20, 2023<br>Time:   2:00 p.m.<br>Place:  Dept. 3, Room 129<br>            325 West F Street<br>            San Diego, CA 92101<br>Judge:  Hon. Laura S. Taylor |

Justus Wallace Peppertree Park Villages 7 & 8, LLC ("Justus Wallace") submits the following Status Report with respect to its Motion for Relief from the Stay [ECF No. 947] in compliance with the Court's recent Tentative Ruling [ECF No. 1172]:

## I.  BACKGROUND

Justus Wallace's Motion for Relief from the Stay is moot as to both Peppertree Park Villages 9 & 10, LLC and Peppertree Land Company.  Both of these entities have been or will be dismissed from the state court action.  The only two remaining defendants/judgment debtors in the state court action are Northern Capital, Inc. and Duane Urquhart.  In the event Northern Capital, Inc.'s and Mr. Urquhart's bankruptcy cases are not dismissed, Justus Wallace intends to proceed with its Motion.  For the reasons explained in the Motion and below, this Court should grant the Motion and allow Justus Wallace to liquidate its claims against Northern Capital, Inc. and Mr. Urquhart in the pending state court action.

## II.  PRODECURAL BACKGROUND

The following summary is provided for the Court's convenience:[1]

**A.    The State Court Action.**

Prior to bankruptcy, Meritage Homes of California, Inc. ("Meritage") filed a lawsuit in San Diego Superior Court against Peppertree Park Villages 9 & 10, LLC, Northern Capital, Inc., Peppertree Land Company, Duane Urquhart (collectively,

---

[1] The background information provided below is largely procedural in nature and is supported by specific cites to the Electronic Court Filing docket where appropriate. To the extent there are any factual issues discussed below, Justus Wallace relies on the evidence previously submitted in support of the Motion or otherwise filed in these bankruptcy cases.  *See In re Acequia, Inc.*, 787 F.2d 1352, 1359 (9th Cir. 1986) (holding that Bankruptcy Courts may rely on prior evidence filed in the case and that there is no "requirement of redundancy").

1

the "Debtors"), and several related parties.  The state court action included both direct and alter ego claims.

The state court action was bifurcated.  The apparent intent was for the Superior Court to conduct a Phase I trial on the direct claims followed, if necessary, by a Phase II trial on the alter ego claims.

**B.   The Phase I Trial and Resulting Judgment.**

On July 7, 2017, the Superior Court entered Judgment in Meritage's favor on the direct claims.  Specifically, the Superior Court entered Judgment against "Peppertree Park Villages 9 & 10, LLC, Northern Capital, Inc., Peppertree Land Company, and Duane Urquhart, jointly and severally, the principal sum of $4,610,911.40, [and] prejudgment interest thereon in the amount of $1,528,166.52 through July 7, 2017 …."  ECF No. 947-1, Ex. 3.  The Judgment also awarded Meritage its attorneys' fees in an amount to be determined by post-trial motion and authorized Meritage to proceed with its alter ego claims.  *Id.*

**C.   These Bankruptcy Cases.**

In August 2018, before the Superior Court could conduct the Phase II trial on the alter ego issues, the Debtors filed these chapter 11 bankruptcy cases.  As a result of the Debtor's bankruptcy filing, the state court lawsuit was automatically stayed.

**D.   Meritage Files Proofs of Claim and Its Initial Motion for Relief from the Stay.**

Meritage filed Proofs of Claim in each of the Debtors' bankruptcy cases based on the Judgment.

On October 17, 2017 Meritage filed a Motion for Relief from the Automatic Stay.  ECF No. 51.  Meritage's Motion sought relief to liquidate its claims against the Debtors by completing the state court litigation, including filing a post-judgment motion for attorneys' fees, concluding proceedings re alter ego liability, and to oppose any post-trial motions or an appeal if filed by the Debtors.

2

On November 24, 2017 this Court entered an Order granting Meritage's Motion in part and denying it in part. ECF No. 136.

### E. The Debtors' State Court Appeal.

The Debtors' post-trial motions were denied by the Superior Court. On February 2, 2018, the Debtors each filed a Notice of Appeal in the Superior Court. Meritage defended the appeal. On December 20, 2019, the Court of Appeal dismissed the appeals without prejudice, on the grounds that the appeals were taken prematurely (because the alter ego claims had not been resolved). ECF No. 947-1, Ex. 4.

### F. Peppertree Land Company is Dismissed from the State Court Action.

At some point, Meritage entered into a settlement with Peppertree Land Company and several related parties, and dismissed those defendants from the state court action. As a result of this settlement, the sole remaining defendants/judgment debtors in the state court action were/are Peppertree Park Villages 9 & 10, LLC, Northern Capital, Inc., and Mr. Urquhart.

### G. The Confirmed Plan.

The Debtors languished in bankruptcy for nearly two years and submitted six unsuccessful plans of reorganization. Finally, on August 8, 2019, the Debtors submitted their Seventh Amended Joint Chapter 11 Plan of Reorganization (the "Plan") and accompanying Disclosure Statement. ECF Nos. 573, 574. The Plan contemplated Peppertree Park Villages 9 & 10, LLC's sale of real property known as Units 9 and 10 of Peppertree Park Villages in Fallbrook, California (the "Property"), and the payment in full of all allowed claims.

On November 8, 2019, this Court entered an Order confirming the Plan. ECF No. 634.

### H. Meritage's Second Motion for Relief from the Stay.

On March 27, 2020, Meritage filed a second Motion [ECF No. 696] seeking relief from the stay to prosecute the alter ego claims in the state court action. On

3

April 29, 2020, this Court granted this unopposed Motion. Despite being granted relief from the stay, Mertigage did not take any action to prosecute the alter ego claims.

**I.  The Peppertree Park Villages 9 & 10, LLC Case is Converted to Chapter 7.**

Ultimately, Peppertree Park Villages 9 & 10, LLC was unable or unwilling to sell the Property, and the Debtors defaulted under the Plan.

On June 27, 2022, this Court entered an Order converting Peppertree Park Villages 9 & 10, LLC's case to chapter 7. ECF No. 849. The same day, the Trustee was appointed.

This Court directed the Trustee to focus on selling the Property without delay.

**J.  Justus Wallace Acquires Meritage's Rights.**

On or about July 1, 2022, Justus Wallace acquired an adjoining parcel of real property owned by Meritage. As part of this transaction, Meritage assigned Justus Wallace its claims against the Debtors in these bankruptcy cases and all rights with respect to the still pending state court action.

**K.  This Court *Sua Sponte* Grants Justus Wallace Limited Relief from the Stay.**

At a status conference held August 24, 2022, Justus Wallace's counsel advised this Court of the status of the state court action, and in particular the upcoming October 14, 2022 trial date with respect to the bifurcated alter ego claims. Justus Wallace requested limited stay relief to permit its counsel, as the assignee of the Meritage claims, to appear in the Superior Court and request that the trial date be vacated.

**L.  Justus Wallace's Motion for Relief from Stay.**

On September 22, 2022, Justus Wallace filed the instant Motion for Relief from the Stay. ECF No. 947. Justus Wallace sought relief to take all actions necessary to liquidate its claim against three remaining defendants (Peppertree Park Villages 9 &

4

10, LLC, Northern Capital, Inc., and Mr. Urquhart), with the exception of enforcing the judgment against any party which is still a debtor in one of these related cases.

The Trustee opposed and asked for more time. ECF No. 958. The Trustee argued the Motion was premature and that the Trustee should be allowed to focus on the sale of the Property. The Trustee requested that the hearing be continued until after the Trustee's sale of the Property is consummated. Creditor Foley & Lardner joined in the Trustee's opposition. ECF No. 961. Justus Wallace did not oppose the Trustee's request for a continuance and the Motion for Relief from the Stay has been continued multiple times since the original hearing date.

**M. Justus Wallace Substitutes in as Plaintiff in the State Court Action and Obtains a Continuance.**

On October 5, 2022, Justus Wallace appeared *ex parte* in the state court action. The Superior Court entered an Order substituting Justus Wallace as the plaintiff and vacating the trial date on the bifurcated alter ego claims.

**N. The Trustee Sells the Property and Settles with Justus Wallace.**

On April 13, 2023, Justus Wallace entered into a written agreement with the Trustee to purchase the Property for $4,450,000. At the same time, Justus Wallace and the Trustee entered into a Settlement Agreement. The Settlement Agreement provided, among other things, that Justus Wallace's claim in the Peppertree Park Villages 9 & 10, LLC case would be deemed allowed in the amount of $7,533,703.44 and that Justus Wallace would dismiss Peppertree Park Villages 9 & 10, LLC from the state court lawsuit.

This Court approved both the Settlement Agreement and the Trustee's sale of the Property to Justus Wallace.

**O. The Peppertree Land Company Case is Converted to Chapter 7.**

On August 4, 2023, this Court converted the Peppertree Land Company case to chapter 7. The same Trustee was appointed in that case.

5

**P.	The Trustee's Sale to Justus Wallace Closes.**

The Trustee's sale of the Property to Justus Wallace closed on August 15, 2023. ECF No. 1168. The appeals regarding both the settlement and the sale have been dismissed by the Bankruptcy Appellate Panel.

Justus Wallace's Motion for Relief from the Stay is scheduled for continued hearing on September 20, 2023.

## II.  JUSTUS WALLACE'S CURRENT POSITION

The Motion for Relief from the Stay is moot with respect to both Peppertree Land Company and Peppertree Park Villages 9 & 10, LLC. On August 1, 2022, Peppertree Land Company was dismissed from the state court action pursuant to the settlement with Meritage. Similarly, Justus Wallace is in the process of dismissing Peppertree Park Villages 9 & 10, LLC from the state court action pursuant to the settlement recently approved by this Court.

The only two remaining defendants/judgment debtors in the state court action are Northern Capital, Inc. and Mr. Urquhart. Justus Wallace has attempted in good faith to settle with these parties, but these attempts have been unsuccessful. At this point, it is unclear whether this Court will permit Northern Capital, Inc. and/or Mr. Urquhart to remain in bankruptcy. If their cases are dismissed, Justus Wallace's Motion for Relief from the Stay is obviously moot. In the event the Court allows Northern Capital, Inc. or Mr. Urquhart to remain in bankruptcy, Justus Wallace intends to proceed with the Motion for Relief from the Stay.

Relief from the stay is clearly warranted at this time. Justus Wallace's claims against Northern Capital, Inc. and Mr. Urquhart need to be resolved and this Court has wisely decided that this process will occur through completion of the state court action. *See* ECF No. 718 ("The resolution of the State Court Action, including any subsequent appeal, will resolve the Debtors' Claim Objection."). The Court has previously granted relief in piecemeal fashion. However, it now makes sense to lift the stay entirely to allow the state court action to proceed to completion.

The sole reason for deferring Justus Wallace's Motion was the Trustee's request for more time to complete the sale of the Property. That sale has now closed and there is no longer any reason to delay resolution of the state court action. In light of the settlement and impending dismissal of Peppertree Park Villages 9 & 10, LLC from the state court action, Justus Wallace understands that the Trustee no longer opposes the Motion.

To be clear, Justus Wallace does not intend to proceed with the alter ego claims against the two remaining defendants in the state court action. There would be no point litigating the bifurcated alter ego claims given that the Judgment already imposes direct liability against both Northern Capital, Inc. and Mr. Urquhart. As such, the only remaining issues in the state court action are Justus Wallace's potential motion for attorneys' fees and any possible appeal by Northern Capital, Inc. and Mr. Urquhart. Once the alter ego claims are formally withdrawn/dismissed, the Judgment will be final and a possible appeal can proceed. All parties will benefit from a final resolution of these issues. In any event, Northern Capital, Inc. and Mr. Urquhart did not oppose the Motion for Relief from the Stay.

### III. CONCLUSION

For these reasons, Justus Wallace requests that this Court grant its effectively unopposed Motion for Relief from the Stay. After waiting nearly five years to allow the bankruptcy process to play out, Justus Wallace should be permitted to liquidate its claims against Northern Capital, Inc. and Mr. Urquhart in the state court action.

DATED: September 13, 2023

FINLAYSON TOFFER
ROOSEVELT & LILLY LLP

By: _____/s/ Jesse S. Finlayson_____
Jesse S. Finlayson

Attorneys for Justus Wallace Peppertree Park Villages 7 & 8, LLC

7

# **PROOF OF SERVICE**

I am over the age of eighteen years and am not a party to the within action. I am employed in the County of Orange, State of California, at the law offices of Finlayson Toffer Roosevelt & Lilly LLP, members of the bar of this Court. My business address is 15615 Alton Parkway, Suite 270, Irvine, California 92618. On September 13, 2023, I served ☒ a true copy / ☐ the original of the foregoing document(s) described as:

**STATUS REPORT RE MOTION FOR RELIEF FROM STAY**

✓ **BY CM/ECF NOTICE OF ELECTRONIC FILING**: Pursuant to controlling General Orders, a true copy will be served by the Court via Notice of Electronic Filing ("NEF") and hyperlink to the document. I checked the CM/ECF docket for this case and determined that the parties on the attached Service List are on the Electronic Mail Notice List to receive NEF transmission at the electronic mail addresses noted.

___ **BY UNITED STATES MAIL**: I enclosed the document(s) in a sealed envelope or package to the parties on the attached Service List and placed it for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

___ **BY OVERNIGHT DELIVERY**: I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the parties on the attached Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

___ **BY ELECTRONIC MAIL**: I caused the document(s) to be sent to the parties on the attached Service List at the electronic mail addresses listed.

___ **BY FACSIMILE**: I faxed the document(s) to the parties on the attached Service List at the fax numbers listed. No error was reported by the fax machine that I used. A fax transmission record was printed, a copy of which is maintained by this office.

___ **BY MESSENGER SERVICE**: I provided the document(s) to a professional messenger service for delivery to the parties on the attached Service List.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. Executed on September 13, 2023.

*/s/ Hind AbdulKader*
Hind AbdulKader

1

*In re Peppertree Park Villages 9 & 10, LLC*
U.S.B.C. S.D. Cal. Case No. 17-05137-LT7

### SERVICE LIST

**BY NEF**

- **Christin A. Batt**   christinb@flgsd.com, sandray@flgsd.com;candic@flgsd.com;leslieg@flgsd.com;andrewl@flgsd.com;janetg@flgsd.com
- **Richard W. Brunette**   rbrunette@sheppardmullin.com
- **K. Todd Curry**   tcurry@currylegal.com
- **Jonathan S. Dabbieri**   dabbieri@sullivanhill.com, hill@sullivanhill.com;bkstaff@sullivanhill.com;vidovich@ecf.inforuptcy.com;dabbieri@ecf.inforuptcy.com
- **Gerald H. Davis**   ghd@trusteedavis.com, ghd@trustesolutions.net
- **Martin A. Eliopulos**   elio@higgslaw.com, begaym@higgslaw.com
- **Jesse S. Finlayson**   jfinlayson@ftrlfirm.com, hkader@ftrlfirm.com
- **Todd S. Garan**   ch11ecf@aldridgepite.com, tgaran@aldridgepite.com;TSG@ecf.courtdrive.com
- **Leslie T. Gladstone**   leslieg@flgsd.com, candic@flgsd.com;sandray@flgsd.com;christinb@flgsd.com;andrewl@flgsd.com;janetg@flgsd.com
- **Marshall Hogan**   mhogan@swlaw.com, knestuk@swlaw.com
- **Haeji Hong**   Haeji.Hong@usdoj.gov, USTP.Region15@usdoj.gov,tiffany.l.carroll@usdoj.gov
- **Mikle Jew**   mjew@foley.com, mikle-jew-2406@ecf.pacerpro.com;smoreno@foley.com
- **Dean T. Kirby**   dkirby@fsl.law, jwilson@fsl.law
- **Paul J Leeds**   Pleeds@fsl.law, ssanchez@fsl.law;jwilson@fsl.law
- **J. Barrett Marum**   bmarum@sheppardmullin.com, egarcia@sheppardmullin.com
- **Tania M. Moyron**   tania.moyron@dentons.com, derry.kalve@dentons.com;DOCKET.GENERAL.LIT.LOS@dentons.com
- **J. Alexandra Rhim**   arhim@hemar-rousso.com, tdunn@hemar-rousso.com
- **Todd M. Schwartz**   toddschwartz@paulhastings.com
- **Lisa Torres**   ltorreslegalconsulting@hush.com
- **United States Trustee**   ustp.region15@usdoj.gov
- **Alan Vanderhoff**   alan.vanderhoff@vanderhofflaw.com, alanvanderhoff@cox.net
- **Victor A. Vilaplana**   victor.vilaplana@practus.com, vavilaplana@gmail.com

2

- **Dennis J. Wickham**  wickham@scmv.com, nazari@scmv.com
- **Christopher K.S. Wong**  christopher.wong@afslaw.com
- **Robert Zahradka**  rzahradka@nationalfunding.com